STATE OF MAINE                                     SUPERIOR COURT
CUMBERLAND, ss.                                    CIVIL ACTION
                                                   DOCKET NO. AP-06-12

MICHAEL L. FIORE

          Petitioner
     v.                                            ORDER ON 80C APPEAL

DEPARTMENT OF HEALTH AND
HUMAN SERVICES                                     DONALD L. GARBRECHT
                                                   LAW LIBRARY

          Respondent                               DEC 08 2006

Before the court is Petitioner Michael L. Fiore's ("Petitioner") appeal pursuant to M.R. Civ. P. 80C of the Department of Health and Human Services ("Department") Hearing Officer Tamra Longanecker, Esq.'s ("Hearing Officer") decision that the Department did not meet its burden of proof on the amount of child support arrears owed by Petitioner without conclusively deciding the amount of arrears owed, and the Chief Administrative Hearing Officer's decision to dismiss the case as moot once the Department withdrew its notice of debt.

## BACKGROUND

On December 28, 1994 the California Superior Court issued a divorce judgment under which Ms. Fiore was awarded custody of their two minor children, Heather Fiore (born November 25, 1988) and Joseph Fiore (born November 5, 1990) and Petitioner was ordered to pay $600 per month child support as well as one-half of all medical and dental expenses for the children not covered by insurance in addition to one-half of all child care and day care expenses. On October 28, 1997 the California Superior Court issued an order determining that Petitioner owed Ms. Fiore unpaid child support arrears through September 30, 1997, including interest, in the amount of $28,726.00.

1

In 2000 Petitioner moved to Maine. Ms. Fiore still resides in California. In February 2005, the California Department of Child Support Services ("DCSS") transmitted a request to the Department for registration and enforcement of the California child support order pursuant to the Uniform Interstate Family Support Act (UIFSA).[1] This transmittal stated that, as of February 9, 2005 Petitioner owed child support arrears totaling $80,670.84. In a letter dated March 8, 2005, the Department served a notice of debt on Petitioner notifying him that, as of March 8, 2005, he owed $81,197.72 in child support arrears. This letter also notified Petitioner of his right to dispute the notice of debt. Specifically, it stated that if he wanted an administrative hearing to dispute the arrears amount, he needed to fill out a hearing request form and return it to the Department within 30 days. Part 7.e of the notice of debt stated that if the Department did not receive a hearing request form from Petitioner within 30 days, he would lose his right to a hearing. Petitioner claims he called the support enforcement officer assigned to this case shortly after receipt of his notice of debt to request a hearing. There is no dispute, however, that Petitioner did not fill out and return a hearing request form within 30 days of receipt of the notice of debt. Nevertheless, over the Department's objections, the Office of Administrative Hearings granted Petitioner's request for a hearing on the notice of debt.

The hearing commenced on August 17, 2005 and reconvened on September 8, 2005 without Ms. Fiore present. There is no dispute that Ms. Fiore was not notified of the administrative proceedings, received no copy of the notice of debt, the hearing notice, or any other documents related to the administrative proceedings until after the first day of the hearing. At no point

[1] 19-A M.R.S.A. §§ 3151 – 3254.

prior to the Hearing Officer's decision was Ms. Fiore notified that child support arrears was an issue or that she had a right to appear.

At the hearing, the Department introduced evidence of the California court's determination of arrears and the method by which DCSS determined the current level of arrears owed by Petitioner. Petitioner presented evidence showing that he had received notices from DCSS stating that as of April 1, 2002 he owed $44,826.54 in arrears, as of September 11, 2002 $63,587.00, as of September 8, 2004 $67,081.00 and as of January 21, 2005 he owed $69,168.80. He claimed that these numbers were inconsistent with each other and with the amount stated in the Department's notice of debt and therefore all these determinations of arrears were unreliable.

On October 17, 2005 the Hearing Officer issued a final agency decision finding the Department failed to meet its burden of proof on the accuracy of the arrears total. The decision was without prejudice to the Department's ability to issue subsequent notices of debt and did not determine the correct arrearages.

Following the Hearing Officer's decision, Petitioner wrote to the Office of Administrative Hearings on November 3, 2005 requesting reversal of the decision. Specifically, Petitioner asked that the decision be amended to determine the arrears owed by Petitioner and to make clear that this decision was with prejudice. On November 14, 2004, the Chief Administrative Hearing Officer wrote a letter to both parties, presenting three options. Those options were, affirming the decision, reversing the decision and reopening the record to allow the Department and Ms. Fiore to present additional evidence on the issue of the apparent discrepancies in arrears, or vacating the decision and starting the administrative proceeding process from scratch. After considering the positions

3

of Petitioner and the Department, the Chief Administrative Hearing Officer decided, over the objection of Petitioner, to reopen the record for the purpose of allowing Ms. Fiore to present evidence. Before this could be done, however, the Department, at the behest of DCCS, withdrew its notice of debt because a court action to determine the amount of arrears had been filed in California Superior Court. The Chief Administrative Hearing Officer subsequently dismissed the administrative proceedings as moot. Petitioner timely filed an appeal of the Hearing Officer's decision pursuant to M.R. Civ. P. 80C.

## DISCUSSION

At oral argument, the parties notified that Court that, subsequent to the filing of briefs, a settlement was reached in connection with the pending California Superior Court case in which the amount of arrears owed by Petitioner was established. The parties agreed to the following stipulation:

> Parties stipulate that the order of the San Bernardino Superior Court on July 20, 2006 reflects the agreement of the parties and the final order of that court on the amount of child support arrears owed by Michael Fiore to Carol Fiore. That order is subject to subsequent amendment by the California courts.

A copy of the San Bernardino Superior Court's order is attached to this order.

The California court's order renders Petitioner's appeal moot.

Therefore the entry is:

Plaintiff's 80C appeal is DISMISSED WITH PREJUDICE.

Dated: October 12, 2006.

Robert E. Crowley
Justice, Superior Court

4

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, s' ' 'r number, and address): | FOR COURT USE ONLY |
|---|---|

*Dept of Child Support Services*
*15400 Civic Drive*
*Victorville, CA 92394*

TELEPHONE NO.: *866-403-3944*  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN BERNARDINO
STREET ADDRESS: 14455 CIVIC DRIVE
MAILING ADDRESS: 14455 CIVIC DRIVE
CITY AND ZIP CODE: VICTORVILLE, CA 92392
BRANCH NAME: VICTORVILLE DISTRICT

FILED Victorville
SAN BERNARDINO COUNTY
Superior Court
JUL 2 0 2006
By *Vicky Barton* Deputy

PETITIONER/PLAINTIFF:  *Carol* _ . *Fiore*

RESPONDENT/DEFENDANT:  *Michael Fire*

OTHER PARENT:

| STIPULATION AND ORDER WAIVING UNASSIGNED ARREARS (Governmental) | CASE NUMBER: *VDA 016121* |
|---|---|

**Instructions:** This form is to be filled out if the party to whom support is owed wishes to give up the right to past-due support that is owed to him or her. If either party has any questions about the possible consequences of this waiver, he or she should ask an attorney. If either party has any questions about the case or the information on this form, he or she should ask the Family Law Facilitator or the local child support agency.

**PARTIES**

1.  The party waiving past support is
    [X] petitioner/plaintiff  [  ] respondent/defendant  [ ] other parent  [ ] other (specify):

2.  The party ordered to pay support is
    [ ] petitioner/plaintiff  [X] respondent/defendant  [ ] other parent  [ ] other (specify):

3. The party ordered to pay support and the party waiving past support are the parties to this agreement.

**RIGHT TO AN ATTORNEY**

4. The parties understand their right to be represented by an attorney, at their expense, in connection with these proceedings.

**NO TIME LIMIT FOR COLLECTION**

5. The parties understand that the amounts owed for Non-Aid arrears (past-due child support ordered to be paid personally to the party waiving support) remain owed until paid. There is no time limit for the collection of past-due support.

**CONTINUING COLLECTION EFFORTS**

6. All methods to collect or enforce the amounts past due may be used until the past due support is paid in full, including, but not limited to, wage assignments, levy on assets, tax refund interception, license suspension, property liens, and contempt. The parties understand that a waiver of support will stop all collection efforts of the support waived.

**RIGHT TO DETERMINATION OF DISPUTED PAST SUPPORT**

7. If the amount of past-due support is unknown or uncertain, the parties understand that they have the right to have the local child support agency review and audit the amount due, including all amounts ordered, all payments, and all credits. The parties also understand that if they are not satisfied with the agency's audit, they have the right to have a court hearing to determine the amount due.

Form Approved for Optional Use
Judicial Council of California
FL-626 [New January 1, 2004]
STIPULATION AND ORDER WAIVING UNASSIGNED ARREARS
(Governmental)
Family Code, § 1503, 17526
Legal Solutions Ca Plus

## CONSEQUENCES OF WAIVING PAST SUPPORT

8. The parties understand that once the party waiving past support gives up his or her right to past-due support, he or she can never request payment of the amount given up or ask the local child support agency or court to reinstate the amount given up, UNLESS he or she has specifically retained the right to do so as part of item 16.

9. The parties understand that the party waiving past support cannot give up the right to collect Aid arrears (past-due child support that belongs to the county in exchange for receipt of public assistance benefits), nor can he or she give up the right to future child support. **The parties understand that this stipulation does not affect the current child support order. If there is a current child support order, that order still remains in full force and effect.**

10. The parties have had sufficient time to read and think about this stipulation and to discuss it with any and all advisors, counselors, and/or attorneys of their choosing.

11. The party waiving past support has not been promised anything by the party ordered to pay support, the local child support agency, the court, or anyone else, to induce him or her to give up amounts owed to him or her, except as specifically set forth in writing in this stipulation.

12. The party waiving past support has not been threatened in any way (physically, emotionally, or otherwise) by the party ordered to pay support, the local child support agency, the court, or anyone else, to force him or her to give up support amounts.

13. The party waiving past support has thought about and decided that it is in his or her best interest and the best interest of his or her children to give up this support arrearage.

## AMOUNT OF PAST-DUE SUPPORT

14. As of (date calculated): 7|31|06

   a. ☒ **NON-AID ARREARS** (these are the amounts owed personally to the party waiving past support before this waiver becomes effective):

| Type | Principal | Interest | Time Period |
|---|---|---|---|
| (1) ☒ Child Support: | $ 60,210.58 | $ 24,207.67 | through 7/31/06 |
| (2) ☐ Spousal/Family Support: | $ | $ | through |
| (3) ☒ Other (specify): | $ 6,316.78 | $ | through 7/31/06 |
| (4)     TOTAL: | $ 66,527.36 | $ 24,207.67 | |

      ☐ See Attachment 14a.

   b. ☐ **AID ARREARS** (these are the amounts assigned and owed to a public agency and cannot be waived by the parties):

| Type | Principal | Interest | Time Period |
|---|---|---|---|
| (1) ☐ Child Support: | $ | $ | through |
| (2) ☐ Spousal/Family Support: | $ | $ | through |
| (3) ☐ Other (specify): | $ | $ | through |
| (4)     TOTAL: | $ | $ | |

      ☐ See Attachment 14b.

   c. ☒ The parties agree that the amounts in items 14a and 14b will be considered a final determination by the court of the amount of past-due support.

**WARNING: If the box at item 14c is checked you may be prohibited from any future challenge regarding the amount of past-due support indicated at items 14a and 14b.**

   d. ☐ The parties agree that the amounts stated above represent the amount of past-due support indicated by the local child support agency records. However, in agreeing to this waiver of non-aid arrears, the parties have not reached an agreement regarding the accuracy of the amount of past-due support as stated.

## WAIVER OF PAST-DUE SUPPORT

15. In consideration of the payment by the party ordered to pay support of the sums set forth below, and the performance of any other condition stated below, the parties agree as follows *(check and complete either a or b, but not both, and add other applicable provisions)*:

a. ☐ Upon payment by party ordered to pay support of the sum of $_____ to the local child support agency on or before *(date):* _____ , the Non-Aid arrears set forth in paragraph 14a above shall be deemed paid in full.

b. ☐ Upon payment by party ordered to pay support of the sum of $_____ to the local child support agency on or before *(date):* _____ , the parent ordered to pay support shall owe the following sums for non-aid support.

| Type | Principal | Interest | Time Period |
|------|-----------|----------|-------------|
| (1) ☐ Child Support: | $ | $ | as of *(date):* |
| (2) ☐ Spousal/Family Support: | $ | $ | as of *(date):* |
| (3) ☐ Other *(specify):* | $ | $ | as of *(date):* |
| (4) **TOTAL:** | $ _____ | $ _____ | |

c. ☒ Other *(specify):*

☒ See Attachment 15 for additional provisions.

## CONDITIONS OF WAIVER

16. ☒ This waiver of past-due support is conditioned on the party ordered to pay support agreements set forth in this document. If the party ordered to pay support fails to perform any condition, then this waiver is NULL and VOID and of no force or effect whatsoever. However, if box 14c is checked, the setting of support arrears in items 14a and 14b will continue to be valid as the court's determination of the amount of support arrearage. Specific conditions of this waiver are as follows:

a. Additional conditions of this waiver *(optional) (i.e., lump-sum payment, timely payment of current support, etc.):*

Father shall pay $25,000 as lump sum payment by October 18, 2006.

b. ☐ See Attachment 16 for additional conditions of waiver. Each party must initial or sign all additional pages.

17. This stipulation and order does not modify or affect the duty of the party ordered to pay current support that accrues, or any support arrears that may accumulate, after the date set forth in item 14.

18. Each party understands that the local child support agency does not represent him or her in this matter. Neither party has been given legal advice from local child support agency, or any of its attorneys, or the family law facilitator, in regard to this stipulation.

19. This form contains the entire understanding and agreement of the parties, and there have been no verbal or other written promises or conditions by anyone, except as stated in this form.

Date: _____

_____     ▶ _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY WAIVING PAST SUPPORT)

Date: _____

_____     ▶ _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY ORDERED TO PAY SUPPORT)

## ATTORNEY'S STATEMENT

I am the attorney of record for the party identified in this waiver. I have gone over this form and any attachments with my client. I have explained each provision of this form to my client and answered the client's questions with regard to this form. I have discussed the facts of the case with my client and possible alternatives to and conditions for waiver. I have explained the consequences of the waiver and benefits and detriments of any agreement.

Date: 7-20-06

Sandy Turner, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY FOR PARTY ORDERED TO PAY SUPPORT)

Date: 7-20-06

Carl Fiore
_____
(TYPE OR PRINT NAME )

▶ _____
(SIGNATURE OF ATTORNEY FOR PARTY WAIVING PAST SUPPORT)

### LOCAL CHILD SUPPORT AGENCY

Date: 7-20-06

Mary Larguin, DCSS attorney
_____
(TYPE OR PRINT NAME, TITLE, AND COUNTY)

▶ _____
(SIGNATURE OF REPRESENTATIVE OF LOCAL CHILD SUPPORT AGENCY)

## INTERPRETER'S STATEMENT (if applicable)

The party named below is unable to read or understand this Stipulation and Order Waiving Unassigned Arrears because

☐ Party waiving past support's primary language is (specify):

☐ Party ordered to pay support's primary language is (specify):

☐ Other (specify):

I certify under penalty of perjury under the laws of the State of California that I have, to the best of my ability, read or translated for the above-named party/parties the *Stipulation and Order Waiving Unassigned Arrears*. The above-named party/parties stated he or she understood the terms of the *Stipulation and Order Waiving Unassigned Arrears* before signing it.

Date:

_____
(TYPE OR PRINT NAME OF INTERPRETER)

▶ _____
(SIGNATURE OF INTERPRETER FOR *insert name*)

Date:

_____
(TYPE OR PRINT NAME OF INTERPRETER)

▶ _____
(SIGNATURE OF INTERPRETER FOR *insert name*)

## COURT'S FINDINGS AND ORDER

The court, having reviewed and considered this Stipulation, and any attachments, finds that the party owed support expressly, knowingly, voluntarily and intelligently has waived past-due support as more specifically set forth in this document. The court accepts this Stipulation, approves it, and orders that all further enforcement is terminated as to the waived support.

IT IS SO ORDERED.

Date:

_____
(JUDICIAL OFFICER OF THE SUPERIOR COURT)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

## STIPULATION AND ORDER ON ORDER TO SHOW CAUSE
(MUST BE PRINTED WITH BLACK BALLPOINT PEN OR TYPED — PRESS HARD, YOU'RE MAKING FOUR COPIES)

Case No. VD4KS 016121    Case Name Fiore v. Fiore    Date 7-20-06

Petitioner (Husband) (Wife), (present) (not present) represented by Atty. Pro Per    / Mother

Respondent (Husband) (Wife), (present) (not present) represented by Atty. Sandy Turner    Father

THE PARTIES HEREBY STIPULATE AND AGREE as follows:

Attachment 15 to Stipulation and Order Waiving Unassigned Arrears

(1) Petitioner, Mother, shall send any uninsured medical expense receipts to Father/Respondent, within 30 days of payment. Father shall then reimburse Mother within 30 days of receipt. Mother shall send the request for reimbursement to Father's last known address by return receipt requested.

(2) Father shall keep Mother informed of his current address and will notify Mother within 30 days of any changes.

(3) The parties stipulate that Non-aided arrears of $ = $90,735.03 is hereby reduced to $66,000. This addresses the period of arrears up to 7-31-06, including past day care expenses and unreimbursed medical. Father agrees to pay $700.00 per month for arrears on the 1st day of each month. The first payment for August 2006 shall be paid by 8-15-06.

(4) Father shall pay current support of $205 pm which are due on the 1st of each month.

---

Attorney for ~~Husband~~ Father                    Attorney for ~~Wife~~ DCSS

### SIGNATURE OF PARTIES

We have read the entire stipulation and agreement. We understand it fully and request the Court to make our stipulation and agreement the Court's order. We understand that willful failure to comply with the provisions of this order will be a contempt of Court and may be punished by fine and imprisonment. We waive all further notice of this order.

_____    _____
Husband                         Wife

IT IS SO ORDERED THIS _____ day of _____, 20 _____.

_____
Judge

ACIS Code
37042(02)

ABF    13-15508-360

DISTRIBUTION: White – File  Green – System  Canary – Petitioner  Pink – Respondent  Goldenrod – FCS/Prob. Acctn'y.

Page 1 of 2

SUPERIOR COURT O[ ]ALIFORNIA, COUNTY OF SAN BERNARDI[ ]

## STIPULATION AND ORDER ON ORDER TO SHOW CAUSE

(MUST BE PRINTED WITH BLACK BALLPOINT PEN OR TYPED — PRESS HARD, YOU'RE MAKING FOUR COPIES)

Case No. VDAVS 016121    Case Name Fiore V. Fiore    Date 7-20-06

Petitioner (Husband) (Wife), (present) (not present) represented by Atty. S. Turner, Esq.

Respondent (Husband) (Wife), (present) (not present) represented by Atty. In Pro Per

THE PARTIES HEREBY STIPULATE AND AGREE as follows:

(5) If either the _____ /arrears payment / lump sum payment is late, then the total arrears balance of $90,735.03, including interest shall be due and owed, as of 8-1-06

(6) The waiver does not apply to future unissued medical reimbursement by Father as of 8-1-06.

_____ Attorney for Husband Father    _____ Attorney for Wife DCSS

### SIGNATURE OF PARTIES

We have read the entire stipulation and agreement. We understand it fully and request the Court to make our stipulation and agreement the Court's order. We understand that willful failure to comply with the provisions of this order will be a contempt of Court and may be punished by fine and imprisonment. We waive all further notice of this order.

_____ Husband Father    _____ Wife Mother

IT IS SO ORDERED THIS 20th day of July , 20 06 .

_____ Judge

ACIS Code 37042(02)

ABF    13-15508-360

DISTRIBUTION: White - File  Green - System  Canary - Petitioner  Pink - Respondent  Goldenrod - FCS/Prob. Acctn'g.

SALLY A BOURGET CLERK
CUMBERLAND COUNTY SUPERIOR COURT
PO BOX 287
PORTLAND ME 04112

CAROL FIORE
PO BOX 3220
WRIGHTWOOD CA 92397

**First Class Mail**

**First Class Mail**






SALLY A BOURGET CLERK
CUMBERLAND COUNTY SUPERIOR COURT
PO BOX 287
PORTLAND ME 04112

CARLOS DIAZ AAG
DEPT OF THE ATTORNEY GENERAL
44 OAK ST
4TH FLOOR
PORTLAND ME 04101

First Class Mail
First Class Mail

.LLY A BOURGET CLERK
MBERLAND COUNTY SUPERIOR COURT
) BOX 287
RTLAND ME 04112

**First Class Mail**

First Class Mail

DAVID TURESKY ESQ · *Let.*
477 CONGRESS ST
SUITE 400
PORTLAND ME 04101







